UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANGELA Y. MOORE,

       Plaintiff,                  CIVIL ACTION NO. 06-11260

  v.                               DISTRICT JUDGE LAWRENCE P. ZATKOFF

JO ANNE B. BARNHART,        MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

This Social Security case comes before the court on the parties' cross-motions for summary judgment.  For the reasons stated herein, the court recommends that plaintiff's motion be granted, that the Commissioner's motion be denied, and that this matter be remanded to the Commissioner for further proceedings.

### II.  Background

On December 10, 2002, plaintiff filed an application for Social Security Disability Insurance Benefits (DIB), claiming that she was disabled due to back problems and carpal tunnel syndrome, with an onset date of June 2, 2002.  (Tr. 36-38, 49)  Plaintiff was 45 years of age when she filed the application.  She has a high school education, with a work history including employment as a housekeeper at a medical facility.  (Tr. 50, 55)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TANGELA Y. MOORE,

    Plaintiff,                        CIVIL ACTION NO. 06-11260

  v.                                DISTRICT JUDGE LAWRENCE P. ZATKOFF

JO ANNE B. BARNHART,         MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

    This Social Security case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that plaintiff's motion be granted, that the Commissioner's motion be denied, and that this matter be remanded to the Commissioner for further proceedings.

**II. Background**

    On December 10, 2002, plaintiff filed an application for Social Security Disability Insurance Benefits (DIB), claiming that she was disabled due to back problems and carpal tunnel syndrome, with an onset date of June 2, 2002. (Tr. 36-38, 49) Plaintiff was 45 years of age when she filed the application. She has a high school education, with a work history including employment as a housekeeper at a medical facility. (Tr. 50, 55)

The Social Security Administration (SSA) denied plaintiff's claim on May 13, 2003.  (Tr. 25-28)  Plaintiff then requested a hearing before an administrative law judge (ALJ).  (Tr. 29)  The hearing was held on May 4, 2005 before Regina F. Sobrino.  (Tr. 267-306)  Plaintiff, represented by counsel, appeared and testified at the hearing.  The ALJ also took testimony from a vocational expert (VE) and plaintiff's husband.

On June 22, 2005, the ALJ issued a decision denying plaintiff's claim.  (Tr. 12- 21)  The ALJ determined that plaintiff suffered from degenerative disc disease of the lumbar spine, obesity, carpal tunnel syndrome, and depression, and that her impairments were "severe" withing the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations.  The ALJ further concluded that plaintiff could not perform her past work, but that she had the Residual Functional Capacity (RFC) to perform a limited range of light and sedentary work and that there were a significant number of jobs in the national economy that plaintiff could perform within her RFC.  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

Following the ALJ's denial of her claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council.  (Tr. 11)  The Appeals Council denied the request on January 26, 2006.  (Tr. 4-7)  The ALJ's decision thus became the final decision of the Commissioner.

On March 24, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  As noted above, the parties have filed cross-motions for

The Social Security Administration (SSA) denied plaintiff's claim on May 13, 2003. (Tr. 25-28) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 29) The hearing was held on May 4, 2005 before Regina F. Sobrino. (Tr. 267-306) Plaintiff, represented by counsel, appeared and testified at the hearing. The ALJ also took testimony from a vocational expert (VE) and plaintiff's husband.

On June 22, 2005, the ALJ issued a decision denying plaintiff's claim. (Tr. 12- 21) The ALJ determined that plaintiff suffered from degenerative disc disease of the lumbar spine, obesity, carpal tunnel syndrome, and depression, and that her impairments were "severe" withing the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that she did not have an impairment or combination of impairments that met or equaled any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations. The ALJ further concluded that plaintiff could not perform her past work, but that she had the Residual Functional Capacity (RFC) to perform a limited range of light and sedentary work and that there were a significant number of jobs in the national economy that plaintiff could perform within her RFC. Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

Following the ALJ's denial of her claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council. (Tr. 11) The Appeals Council denied the request on January 26, 2006. (Tr. 4-7) The ALJ's decision thus became the final decision of the Commissioner.

On March 24, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). As noted above, the parties have filed cross-motions for

summary judgment. Plaintiff claims that the evidence in the record clearly establishes that her back impairment is of sufficient severity to meet the criteria of the Listing for disorders of the spine, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04, and that the ALJ erred in assessing her credibility. The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Further,

> an individual shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.

42 U.S.C. § 423(d)(2)(A). The claimant bears of the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate SSI claims. See 20 C.F.R. § 404.1520. As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

summary judgment.  Plaintiff claims that the evidence in the record clearly establishes that her back impairment is of sufficient severity to meet the criteria of the Listing for disorders of the spine, 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04, and that the ALJ erred in assessing her credibility.  The Commissioner contends that the disability determination is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if her physical or mental impairment or impairments are of such severity that she is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which she lives, or whether a specific job vacancy exists for her, or whether she would be hired if she applied for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate SSI claims.  See 20 C.F.R. § 404.1520.  As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

> The claimant must first show that she is not engaged in substantial gainful activity.  Next the claimant must demonstrate that she has a "severe impairment." A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment.  If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which she was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to her of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997).  "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Brainard, 889 F.3d at 681.  Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would

> The claimant must first show that she is not engaged in substantial gainful activity.  Next the claimant must demonstrate that she has a "severe impairment."  A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment.  If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

### B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which she was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to her of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997).  "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Brainard, 889 F.3d at 681.  Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would

have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV.  Analysis**

    **A.  Listed Impairment**

At step three, the ALJ determined that the "claimant's medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, of Regulation No. 4."  (Tr. 20).  Plaintiff contends that the ALJ's step-three determination is not supported by substantial evidence and that the record conclusively establishes that her back impairment meets the requirements of § 1.04 of the Listings.  As discussed below, the court agrees that the ALJ erred at step three, though for reasons different than those asserted by plaintiff.

In order to establish disability under the Listings, each requirement of the applicable Listing must be met.  See 20 C.F.R. § 404.1525(d)("We will not consider you impairment to be one listed in appendix 1 solely because it has the diagnosis of a listed impairment.  It must also have the findings shown in the Listing of that impairment"); see also Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885 (1990)("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria").  If any one requirement is not satisfied, the ALJ must move beyond the Listings and determine whether the claimant can perform either his past work or other work that exists in significant numbers in the national economy.  See 20 C.F.R. § 404.1520(a)(4)(iv), (v); see also Foster, supra, 279 F.3d at 354.  The

have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV.  Analysis**

    **A.  Listed Impairment**

At step three, the ALJ determined that the "claimant's medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, of Regulation No. 4."  (Tr. 20).  Plaintiff contends that the ALJ's step-three determination is not supported by substantial evidence and that the record conclusively establishes that her back impairment meets the requirements of § 1.04 of the Listings.  As discussed below, the court agrees that the ALJ erred at step three, though for reasons different than those asserted by plaintiff.

In order to establish disability under the Listings, each requirement of the applicable Listing must be met.  See 20 C.F.R. § 404.1525(d)("We will not consider you impairment to be one listed in appendix 1 solely because it has the diagnosis of a listed impairment.  It must also have the findings shown in the Listing of that impairment"); see also Sullivan v. Zebley, 493 U.S. 521, 530, 110 S.Ct. 885 (1990)("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria").  If any one requirement is not satisfied, the ALJ must move beyond the Listings and determine whether the claimant can perform either his past work or other work that exists in significant numbers in the national economy.  See 20 C.F.R. § 404.1520(a)(4)(iv), (v); see also Foster, supra, 279 F.3d at 354.  The

claimant bears the burden of demonstrating that her impairment meets or equals a listed impairment. Id.

Plaintiff asserts that her back condition meets the requirements of § 1.04(A) of the Listings, which states the following:

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposis, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthiritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> > A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

The ALJ concluded that plaintiff had "severe" degenerative disc disease -- one of the impairments identified in the Listing. However, the ALJ did not undertake any analysis of whether plaintiff's degenerative disc disease met the remaining requirements of the applicable listing.

An ALJ's failure to articulate the reasons for his or her findings precludes meaningful judicial review. See Hurst v. Secretary of Health and Human Services, 753 F.2d 517, 519 (6th Cir. 1985)(articulation of reasons for disability decision essential to meaningful appellate review); see also Bailey v. Commissioner of Social Security, 1999 WL 96920 at **4 (6th Cir.(Ohio))("Thus, an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes."); Social Security Ruling (SSR) 82-62 at *4 (The

claimant bears the burden of demonstrating that her impairment meets or equals a listed impairment. Id.

Plaintiff asserts that her back condition meets the requirements of § 1.04(A) of the Listings, which states the following:

> 1.04 *Disorders of the spine* (e.g., herniated nucleus pulposis, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthiritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
>> A.  Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

The ALJ concluded that plaintiff had "severe" degenerative disc disease -- one of the impairments identified in the Listing. However, the ALJ did not undertake any analysis of whether plaintiff's degenerative disc disease met the remaining requirements of the applicable listing.

An ALJ's failure to articulate the reasons for his or her findings precludes meaningful judicial review. See Hurst v. Secretary of Health and Human Services, 753 F.2d 517, 519 (6th Cir. 1985)(articulation of reasons for disability decision essential to meaningful appellate review); see also Bailey v. Commissioner of Social Security, 1999 WL 96920 at **4 (6th Cir.(Ohio))("Thus, an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes."); Social Security Ruling (SSR) 82-62 at *4 (The

-6-

"rationale for a disability decision must be written so that a clear picture of the case can be obtained."). As the Third Circuit noted in Cotter v. Harris, 642 F.2d 700, 704-05 (3d Cir. 1981),

> There are cogent reasons why an administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests. Chief among them is the need for the appellate court to perform its statutory function of judicial review. A statement of reasons or findings also helps to avoid judicial usurpation of administrative functions, assures more careful administrative consideration, and helps the parties plan their cases for judicial review.

Here, the ALJ offered nothing more that a conclusory statement that plaintiff's impairments did not meet or equal a listed impairment. The ALJ did not identify the applicable listing(s) and provided no explanation whatsoever of the evidentiary basis for the conclusion reached. If there was a clear absence of evidence in the record regarding one or more elements of the applicable listing, the ALJ's omission would be of little import. However, plaintiff presented sufficient evidence to warrant a more detailed analysis of whether her back impairment meets the requirements of § 1.04 of the Listings. As noted above, the ALJ concluded that plaintiff suffered from "severe" degenerative disc disease. Further, there is evidence in the record of possible nerve root abnormalities, (Tr. 95, 96, 114, 116-19, 134), neuro-anatomic distribution of pain, (Tr. 108, 114, 143), range of motion restrictions, (Tr. 108, 114, 116, 118-19, 144), weakness, (Tr. 143-44), sensory or reflex loss, (Tr. 114, 143), and positive straight-leg raising, (Tr. 108, 144). Given this evidence, it was incumbent upon the ALJ to provide at least some explanation as to the basis for her step three determination. The ALJ's failure to do so precludes meaningful judicial review. See, e.g., Burnett v. Commissioner of Social Sec., 220 F.3d 112, 120 (3d Cir. 2000)("Because we have no way to review the ALJ's hopelessly

"rationale for a disability decision must be written so that a clear picture of the case can be obtained."). As the Third Circuit noted in Cotter v. Harris, 642 F.2d 700, 704-05 (3d Cir. 1981),

> There are cogent reasons why an administrative decision should be accompanied by a clear and satisfactory explication of the basis on which it rests. Chief among them is the need for the appellate court to perform its statutory function of judicial review. A statement of reasons or findings also helps to avoid judicial usurpation of administrative functions, assures more careful administrative consideration, and helps the parties plan their cases for judicial review.

Here, the ALJ offered nothing more that a conclusory statement that plaintiff's impairments did not meet or equal a listed impairment. The ALJ did not identify the applicable listing(s) and provided no explanation whatsoever of the evidentiary basis for the conclusion reached. If there was a clear absence of evidence in the record regarding one or more elements of the applicable listing, the ALJ's omission would be of little import. However, plaintiff presented sufficient evidence to warrant a more detailed analysis of whether her back impairment meets the requirements of § 1.04 of the Listings. As noted above, the ALJ concluded that plaintiff suffered from "severe" degenerative disc disease. Further, there is evidence in the record of possible nerve root abnormalities, (Tr. 95, 96, 114, 116-19, 134), neuro-anatomic distribution of pain, (Tr. 108, 114, 143), range of motion restrictions, (Tr. 108, 114, 116, 118-19, 144), weakness, (Tr. 143-44), sensory or reflex loss, (Tr. 114, 143), and positive straight-leg raising, (Tr. 108, 144). Given this evidence, it was incumbent upon the ALJ to provide at least some explanation as to the basis for her step three determination. The ALJ's failure to do so precludes meaningful judicial review. See, e.g., Burnett v. Commissioner of Social Sec., 220 F.3d 112, 120 (3d Cir. 2000)("Because we have no way to review the ALJ's hopelessly

inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and explanation of reasoning supporting a determination that Burnett's 'severe' impairment doe not met or is not equivalent to a listed impairment."). Accordingly, this matter must be remanded for further consideration of whether plaintiff's back impairment meets the requirements of § 1.04 of the Listings.

### B.  Credibility Assessment

The ALJ determined that the "medical evidence documents the existence of impairments that can reasonably be expected to produce paid and depression.  However, allegations of disabling symptoms are not fully consistent with the objective medical evidence and other evidence of record."  (Tr. 20)  Plaintiff claims that the ALJ erred in reaching this conclusion.

As with her step-three determination, the ALJ provided no explanation for the basis of her determination that plaintiff's subjective allegations of disabling pain and limitations were not supported by the record.  Social Security Ruling (SSR) 96-7p, 1996 WL 374186, states the following regarding an ALJ's duty to articulate the basis for a credibility determination:

> It is not sufficient for the adjudicator to make a singly, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible."  It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.  The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

The ALJ plainly failed to comply with the requirements of SSR 96-7p in assessing plaintiff's credibility.  Further, a reasonable fact-finder could conclude that plaintiff's allegations of

inadequate step three ruling, we will vacate and remand the case for a discussion of the evidence and explanation of reasoning supporting a determination that Burnett's 'severe' impairment doe not met or is not equivalent to a listed impairment."). Accordingly, this matter must be remanded for further consideration of whether plaintiff's back impairment meets the requirements of § 1.04 of the Listings.

### B.  Credibility Assessment

The ALJ determined that the "medical evidence documents the existence of impairments that can reasonably be expected to produce paid and depression. However, allegations of disabling symptoms are not fully consistent with the objective medical evidence and other evidence of record." (Tr. 20)  Plaintiff claims that the ALJ erred in reaching this conclusion.

As with her step-three determination, the ALJ provided no explanation for the basis of her determination that plaintiff's subjective allegations of disabling pain and limitations were not supported by the record.  Social Security Ruling (SSR) 96-7p, 1996 WL 374186, states the following regarding an ALJ's duty to articulate the basis for a credibility determination:

> It is not sufficient for the adjudicator to make a singly, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible."  It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms.  The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

The ALJ plainly failed to comply with the requirements of SSR 96-7p in assessing plaintiff's credibility.  Further, a reasonable fact-finder could conclude that plaintiff's allegations of

disabling pain and limitations were supported by the record. Accordingly, the ALJ's failure to articulate the basis for her credibility determination cannot be deemed harmless error. On remand, the ALJ must re-assess the credibility of plaintiff's allegations and provide some explanation as to the basis for the credibility assessment.

## V.  Conclusion

For the reasons stated above, the court recommends that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, that the Commissioner's disability determination be **REVERSED**, and that the matter be **REMANDED** to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

disabling pain and limitations were supported by the record.  Accordingly, the ALJ's failure to articulate the basis for her credibility determination cannot be deemed harmless error.  On remand, the ALJ must re-assess the credibility of plaintiff's allegations and provide some explanation as to the basis for the credibility assessment.

## V.  Conclusion

For the reasons stated above, the court recommends that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's cross-motion for summary judgment be **DENIED**, that the Commissioner's disability determination be **REVERSED**, and that the matter be **REMANDED** to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                              S/VIRGINIA M. MORGAN
                                              VIRGINIA M. MORGAN
Dated: September 21, 2006         UNITED STATES MAGISTRATE JUDGE

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 21, 2006.

                                              s/Kendra Byrd
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                         S/VIRGINIA M. MORGAN
                                         VIRGINIA M. MORGAN
Dated:  September 21, 2006           UNITED STATES MAGISTRATE JUDGE

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 21, 2006.

                                         s/Kendra Byrd
                                         Case Manager to
                                         Magistrate Judge Virginia M. Morgan